JOURNAL ENTRY and OPINION
{¶ 1} Appellant Sean Miller appeals from the sentence imposed by the trial court. He assigns the following errors for our review:
"I. The trial court erred when it sentenced defendantappellantto consecutive sentences without placing its reasons for doing soon the record."
 "II. The trial court failed to find that sentences imposed were notdisproportionate to the seriousness of and to any danger posed bydefendant-appellant's conduct."
 {¶ 2} Having reviewed the record and pertinent law, we vacate Miller's sentence and remand for resentencing. The apposite facts follow.
 {¶ 3} On October 20, 2003, the Cuyahoga County Grand Jury indicted Miller in Case No. 443646 as follows: one count for possession of drugs in violation of R.C. 2925.11, two counts for drug trafficking in violation of 2925.03, and one count for possession of criminal tools in violation of R.C. 2923.24. Miller pled guilty to one count of drug trafficking, with the remaining counts being nolled.
 {¶ 4} At the time of the indictment in the above case, Miller was on probation for a burglary charge in Case No. 435084. Miller had pled guilty to one count of burglary in violation of R.C. 2911.12(C), a third degree felony. The trial court had sentenced him to four years in prison, but suspended the sentence and placed him on three years of community control.
 {¶ 5} On March 23, 2004, the trial court conducted a sentencing hearing regarding Miller's drug trafficking plea and also conducted a hearing for Miller's probation violation on the burglary charge. After hearing statements from defense counsel, Miller, and Miller's mother, the trial court imposed an eleven-month prison term for drug trafficking and reinstated the four-year sentence for burglary. The trial court failed to state at the hearing or in its sentencing journal entries whether the sentences were to be served concurrently or consecutively. Miller now appeals.
 {¶ 6} In his two assigned errors, Miller argues the trial court erred by failing to adhere to the requirements of the statutory guidelines in imposing consecutive terms. The State concedes the trial court erred in this respect. Our independent review of the sentencing transcript and the journal entries, however, indicates the trial court did not impose consecutive sentences. In fact, the trial court failed to state whether the sentences were to be served consecutively or concurrently.
 {¶ 7} Under former R.C. 2929.41, which was pre-S.B.2, the trial court was required to sentence a probation violator consecutively. However, R.C. 2929.41, effective May 17, 2000, provides as follows:
(A) Except as provided in division (B) of this section, division (E) ofsection 2929.14, or division (D) or (E) of section 2971.03 of the RevisedCode, a sentence of imprisonment shall be served concurrently with anyother sentence of imprisonment imposed by a court of this state, anotherstate, or the United States. * * *.[1]
 {¶ 8} None of the exceptions listed in R.C. 2929.41(A) apply to this case. Consequently, we conclude under R.C. 2929.41(A) Miller's sentence is to be served concurrently. Therefore, we affirm the decision of the trial judge.
 {¶ 9} Despite our disposition regarding Miller's sentence, we nonetheless find the matter needs to be remanded for resentencing. Our review of the record indicates that although the trial court imposed post-release control in the sentencing journal entry, it failed to notify Miller of post-release control at the sentencing hearing. The Ohio Supreme Court recently held in State v. Jordan[2] that:
"When a trial court fails to notify an offender about postreleasecontrol at the sentencing hearing but incorporates that notice into itsjournal entry imposing sentence, it fails to comply with the mandatoryprovisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentencemust be vacated and the matter remanded to the trial court forresentencing."[3]
 {¶ 10} We also noticed that Miller's attorney mentioned at the hearing that Miller had been in jail for six months awaiting trial. The trial court, however, failed to credit him for this time in the sentencing order. Pursuant to R.C. 2967.191 "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *." It is the trial court's responsibility to properly calculate the amount of days for which such credit may be given.[4]
Since the provisions are mandatory, the trial court's failure to properly calculate such credit and include it in the body of the sentencing order is plain error.[5]
 {¶ 11} Therefore, based on the fact Miller was not advised of post-release control and not credited for time served, the matter is remanded for resentencing and correction of the sentencing order.
Sentence vacated and case remanded for resentencing.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. Case remanded to the trial court.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., and Karpinski, J., concur.
[1] R.C. 2929.41 was further revised effective January 1, 2004, but the changes do not affect the paragraph discussed. Because Miller committed his offenses in 2003, the former statute, effective May 17, 2000, applies.
[2] State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085.
[3] Id. at paragraph two of syllabus.
[4] State ex rel. Corder v. Wilson (1991), 68 Ohio App.3d 567, 589.
[5] See State v. Hawkins (Apr. 9, 1999), 2d Dist. No. 98CA6, and Statev. Hinzman (June 19, 1986), 8th Dist. Nos. 50829, 50830.