OPINION
{¶ 1} Defendant-appellant, Tim E. Piotrowski, appeals from a judgment of the Franklin County Municipal Court finding him guilty, pursuant to his guilty plea, of driving while under the influence of alcohol, a drug of abuse, or a combination of them, in violation of New Albany City Ordinance ("city ordinance") 333.01(A)(1). Defendant assigns a single error:
THE TRIAL COURT ERRED BY FAILING TO TAKE INTO CONSIDERATION MANDATORY SENTENCING FACTORS AS CONTAINED IN § 2929.22 OF THE OHIO REVISED CODE.
Because the trial court erred in failing to take into consideration the mandatory sentencing factors set forth in R.C. 2929.22, we reverse.
 {¶ 2} On July 10, 2004, defendant was charged with one count of operating a motor vehicle while under the influence of alcohol, a drug of abuse, or a combination of them in violation of city ordinance 333.01(A)(1) ("OVI"), one count of operating a motor vehicle with a prohibited breath alcohol content in violation of city ordinance 333.01(A)(4), one count of driving outside marked lanes in violation of city ordinance 333.08, and one count of having a loud muffler in violation of city ordinance 337.20.
 {¶ 3} Defendant waived his right to a jury trial and, pursuant to a plea agreement, entered a guilty plea to the OVI charge; the prosecution agreed to dismiss the remaining charges. The parties jointly recommended to the trial court that defendant be given no jail time in light of his having satisfied the pertinent mandatory legal requirements by completing three days in a driver intervention program.
 {¶ 4} During sentencing, counsel for defendant noted that the penalties for the crime at issue did not include any type of mandatory jail confinement, as it was a "first lifetime alcohol-related offense." (Tr. 6.) In response, the trial court stated: "Have we discussed, Counsel, between us, the Court's policy on first time OMVIs?" Id. After a brief colloquy, the court stated: "You may not be, but we'll get to that in a moment." (Tr. 7.) The trial court heard defense counsel's argument in mitigation, sentenced defendant to time in jail, imposed a fine and ordered a driver's rights suspension.
 {¶ 5} On appeal, defendant asserts the trial court erred in failing to consider the mandatory provisions of R.C. 2929.22 and, instead, sentencing him pursuant to the court's own policy for first-time OVIs.
 {¶ 6} "R.C. 2929.22 was enacted to create mandatory sentencing criteria and to insure that all judges would take into consideration the specific circumstances of each case and each offender in fashioning an appropriate punishment." (Emphasis sic.) State v. Pass (Dec. 30, 1992), Lucas App. No. L-92-017, citing Cincinnati v. Clardy (1978),57 Ohio App.2d 153, 154-155. "The Committee Comment to R.C. 2929.22
correctly emphasizes that the general factors must be considered by a trial court since they provide criteria for determining whether the court should be severe or lenient. * * * None of these criteria controls the court's discretion and the court may consider additional relevant factors." (Emphasis sic.) State v. Jones (1987), 39 Ohio App.3d 87, 88.
 {¶ 7} "By requiring judges to review mandatory factors in sentencing a defendant, the intent was to preclude judges from acting out of bias, prejudice and preconceptions, and to require them instead to review `* * * the tremendous variety of circumstances and motivations leading to the commission of the offense and the inevitable differences in history, character and background of offenders * * *.'" Pass, supra, quotingClardy, at 154-155. Application of the factors set forth in R.C. 2929.22
helps to ensure that "[t]he judge's exercise of discretion in sentencing an offender is not a matter of whim or fancy. It involves a conscientious effort to evaluate all aggravating and mitigating factors before selecting from legislatively authorized choices. By avoiding that process, the judge fails to exercise the allotted discretion." Clevelandv. Egeland (1986), 26 Ohio App.3d 83, 90. While the statutory criteria must be used as a guide in exercising sentencing discretion, "[a] judge is presumed, in the absence of a showing to the contrary, to have considered in the sentencing process the standards mandated by R.C.2929.22 and 2929.12." Jones, at 89.
 {¶ 8} Here, the record reflects the trial court failed to consider the mandatory factors set forth in R.C. 2929.22, as demonstrated by the court's announcing its "policy" concerning those who violate the OVI statutes. While defense counsel presented a lengthy list of mitigating factors, nothing in the trial court's statements suggested the trial court considered those factors. Rather, the plain words the court used indicated the trial court sentenced defendant pursuant to its preconceived policy requiring a period of time in jail for OVI offenders.
 {¶ 9} Whether defendant should be sentenced to a period of incarceration is not the issue before us. Rather, the issue is whether the trial court, pursuant to preconceived policy, sentenced the defendant without due consideration to the appropriate mandatory factors guiding its exercise of discretion. Given the trial court's reference to its "policy," we can conclude only that the trial court failed to consider the mandatory factors set forth in R.C. 2929.22 and thus abused its discretion in sentencing defendant pursuant to its policy.
 {¶ 10} For the foregoing reasons, we sustain defendant's single assignment of error, reverse the judgment of the trial court, and remand for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
Sadler and Bowman, JJ., concur.
Bowman, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. {PRIVATE}