OPINION
{¶ 1} Defendant-appellant, Tony Goings, appeals from judgments of the Franklin County Court of Common Pleas imposing prison sentences in these consolidated cases. For the following reasons, we affirm.
 {¶ 2} This appeal involves three different cases. In case No. 07AP-644, appellant was indicted for one count of breaking and entering. Shortly after that indictment, appellant was indicted with another count of breaking and entering in case No. 07AP-645 (collectively referred to as the "breaking and entering cases"). On October 19, 2006, *Page 2 
appellant entered guilty pleas to both counts. The trial court found appellant guilty and placed him on community control for three years. In each case, the trial court notified appellant that if he violated the terms of his community control, he would receive a 12-month prison term.
 {¶ 3} On March 19, 2007, appellant was arrested for receiving stolen property. The following day, the trial court entered an "Order to Hold" in case No. 07AP-644, ordering the Franklin County Sheriff's Office to hold appellant in custody. On March 28, 2007, appellant was indicted for two counts of receiving stolen property in case No. 07AP-646. The next day, appellant's probation officer filed requests in the breaking and entering cases to revoke appellant's community control due to his arrest.
 {¶ 4} Appellant eventually stipulated to violating the terms of his community control in the breaking and entering cases and also entered a guilty plea to one of the counts of receiving stolen property in case No. 07AP-646. The trial court accepted appellant's guilty plea and sentenced him to a 12-month prison term in case No. 07AP-646. The trial court awarded appellant one day of jail-time credit in that case. Additionally, the trial court sentenced appellant to concurrent 12-month prison terms for his admitted violation of the terms of his community control in the breaking and entering cases. In case No. 07AP-644, the trial court awarded appellant 136 days of jail-time credit. The trial court awarded appellant zero days of jail-time credit in case number 07AP-645. In sum, appellant received a 12-month total prison term.
 {¶ 5} Appellant appeals and assigns the following error:
 The trial court erred in failing to give Appellant jail time credit against each of the concurrent terms in violation of R.C. 2967.191. The court's action deprived Appellant of equal *Page 3 
protection under the Fourteenth Amendment to the United States Constitution.
 {¶ 6} Appellant contends that the trial court erred by failing to award him jail-time credit[1] against each of his concurrent sentences, effectively rendering the jail-time credit he did receive meaningless because he still had to serve a 12-month prison sentence. He also claims that this error violated his right to equal protection. We disagree.
 {¶ 7} At appellant's sentencing, the trial court indicated the number of jail-time credit days it would award appellant in each of the cases and further indicated that his three sentences would be served concurrently. Appellant failed to object to this alleged error. Failure to do so results in a waiver of the alleged error absent plain error.State v. Fugate, Franklin App. No. 06AP-298, 2006-Ohio-5748, at ¶ 19. Here, appellant cannot demonstrate plain error. In fact, this court has recently considered and rejected appellant's statutory and constitutional arguments. See State v. Eble, Franklin App. No. 04AP-334,2004-Ohio-6721, at ¶ 10-17; Fugate, at ¶ 19-22.
 {¶ 8} In Eble, we stated:
 Applying standard rules of statutory construction, it is our interpretation of Crim.R. 32.2(D), when read in conjunction with R.C. 2967.191, that a trial court is not required to recognize duplicate or multiple pretrial detention credit. We do not believe that the legislature intended to entitle a defendant held and later sentenced on multiple offenses the right to multiply his single period of pretrial confinement by the No. of convictions entered against him. To do so would, in effect, discriminate in favor of the defendant charged with more than one offense over the defendant charged with only one offense.
Eble, at ¶ 10. Accordingly, appellant's sole assignment of error is overruled. *Page 4 
 {¶ 9} Appellant's lone assignment of error is overruled, and the judgments of the Franklin County Court of Common Pleas are affirmed.
Judgments affirmed.
 BRYANT and TYACK, JJ., concur.
[1] R.C. 2967.191. *Page 1