[**Cite as** *Cleveland v. Go Invest Wisely, L.L.C.*, 2011-Ohio-3242.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 95529

---

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## GO INVEST WISELY, LLC

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2010 CRB 10702

**BEFORE:**     Stewart, J., Blackmon, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:**   June 30, 2011

**ATTORNEY FOR APPELLANT**

James J. Costello
Powers Friedman Linn, PLL
23240 Chagrin Boulevard, Suite 180
Cleveland, OH    44122


**ATTORNEYS FOR APPELLEE**

Robert J. Triozzi
City of Cleveland Law Director

BY:   Karyn J. Lynn
Assistant Director of Law
601 Lakeside Avenue, Room 106
Cleveland, OH 44114

MELODY J. STEWART, J.:

{¶ 1}   Defendant-appellant, Go Invest Wisely, LLC ("GIW"), appeals the judgment of the Cleveland Municipal Court that found it guilty of violating Cleveland Codified Ordinances ("C.C.O.") §367.12(c) and imposed a fine of $5,000.   For the reasons stated below, we affirm.

**{¶ 2}** On April 9, 2010, the city filed a criminal complaint alleging that GIW sold or transferred the property located at 2588 West 41st Street, Cleveland, Ohio ("property") without furnishing a certificate of disclosure, in violation of C.C.O. §367.12(c), a first-degree misdemeanor under C.C.O. §367.99(c). GIW entered a plea of not guilty and the matter proceeded to trial.

**{¶ 3}** At trial, the city provided certified copies of the records of the Cuyahoga County Recorder's Office showing that GIW, a company organized as a limited liability company in the state of Utah, transferred its ownership interest in the property to Commodore Housing, LLC, a South Carolina company, by quitclaim deed on February 18, 2009. The deed was recorded on May 5, 2009. Antoinette Allen, an assistant administrator for the city's Department of Building and Housing Records Administration, testified that a search of the records verified that the city had not issued a certificate of disclosure form prior to the transfer of the property. Upon this evidence, the trial court found GIW guilty of violating C.C.O. §367.12(c), and imposed a fine of $5,000, the maximum for the offense. GIW timely appeals raising three errors for our review.

**{¶ 4}** "First Assignment of Error: The Evidence was Insufficient, as a Matter of Law, to Find Go Invest Wisely Guilty of a Violation of Section 367.12(c) of the Cleveland Municipal Codified Ordinance[s]."

**{¶ 5}** When reviewing the sufficiency of the evidence to support a criminal conviction, this court examines the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

**{¶ 6}** C.C.O. §367.12(c) provides in pertinent part:

**{¶ 7}** "No person, agent, firm or corporation shall enter into a contract for the sale of a one, two, three or four unit dwelling building or structure, as defined in Section 363.04, without furnishing to the purchaser a Certificate of Disclosure addressing the condition of the property, which Certificate shall be in a form prescribed by the Director of Building and Housing. No real estate agent, escrow agent or seller shall sell or transfer a one, two, three or four unit dwelling building or structure without furnishing to the purchaser information required by the Certificate of Disclosure described above."

**{¶ 8}** GIW contends that the ordinance, by its express language, is limited in its application to a "person," "agent," "firm," or "corporation." GIW argues that because it is a limited liability company, it does not fall within contemplation of the ordinance and, therefore, it did not have to comply with

the requirement of obtaining a certificate of disclosure prior to transferring the property.

{¶ 9} In construing a statute, a court's paramount concern is the legislative intent in enacting the statute. *State v. S.R.* (1992), 63 Ohio St.3d 590, 594, 589 N.E.2d 1319. To determine the legislative intent, a court must look to the language of the statute and the purpose to be accomplished. *State ex rel. Pennington v. Gundler* (1996), 75 Ohio St.3d 171, 173, 661 N.E.2d 1049. Words used in a statute are to be taken in their usual, normal, and customary meaning. Id. Unless a statute is ambiguous, the court must give effect to the plain meaning of a statute. Id. The rules of construction for ordinances and statutes that define offenses are the same; ordinances defining offenses or penalties must be strictly construed against the city and liberally construed in favor of the accused. *Highland Hts. v. Grischkan* (1999), 133 Ohio App.3d 329, 334, 728 N.E.2d 4.

{¶ 10} The city of Cleveland's housing code was adopted "to establish minimum standards necessary to make all dwelling structures safe, sanitary, free from fire and health hazards and fit for human habitation and beneficial to the public welfare" and to "fix responsibilities for owners and occupants of dwelling structures with respect to sanitation, repair and maintenance." C.C.O. §361.02. One of the responsibilities imposed upon dwelling owners is to obtain a certificate of disclosure, prepared by the city's building

department and providing the dwelling's code enforcement history, prior to selling or transferring the property. C.C.O. §367.12(c) requires that this certificate, or the information provided by the city in the certificate, be furnished to the purchaser prior to the transfer of the property.

{¶ 11} We are not persuaded by GIW's argument that the language of the ordinance demonstrates an intent to exclude limited liability companies owning property in the city of Cleveland from the requirement of providing a certificate of disclosure to a purchaser prior to transfer. Black's Law Dictionary defines a "firm" as, "Business entity or enterprise," or "Unincorporated business." Black's Law Dictionary (5 Ed.1979) 571. Thus, the words employed evidence an intent to include both incorporated and unincorporated business entities within the ambit of the ordinance. We also note that in the codified statutes of both Ohio and Utah the definition of "person" specifically includes a limited liability company. See R.C. 1705.01(K) and Utah Code Ann. 1953 §68-3-12.5(14)(g). Furthermore, the second part of the ordinance notes obligations in terms of the seller, which GIW clearly was in this case. Accordingly, we find that C.C.O. §367.12(c) applies to GIW.

{¶ 12} We also find no merit to GIW's argument that there was insufficient evidence that it failed to provide the purchaser with the information required to be disclosed. The city's evidence shows that GIW did

not obtain a certificate of disclosure from the city for the West 41st Street property prior to transfer. This infers that GIW did not provide the purchaser with that which GIW did not obtain. Although it is the city's burden to prove each element of the offense, GIW offered nothing to rebut this inference. GIW does not dispute this evidence or argue that it did comply with the ordinance. Accordingly, there is sufficient evidence from which a reasonable trier of fact could conclude beyond a reasonable doubt that GIW was guilty of violating C.C.O. §367.12(c).

{¶ 13} The first assignment of error is overruled.

{¶ 14} "Second Assignment of Error: The Conviction of Go Invest Wisely of a Violation of Section 367.12(c) of the Cleveland Municipal Codified Ordinance was Against the Manifest Weight of the Evidence."

{¶ 15} Although assigned as a challenge to the manifest weight of the evidence, GIW raises the same arguments as in its first assignment of error, claiming that the ordinance does not apply to limited liability companies such as GIW and that the city failed to provide sufficient evidence for conviction. Having previously found no merit to these same arguments, we overrule the second assignment of error.

{¶ 16} "Third Assignment of Error: The Trial Court erred in sentencing Go Invest Wisely to fines that were excessive, disproportionate, and contrary to law."

{¶ 17} GIW argues that the trial court erred in imposing the maximum fine without first considering the factors set forth in R.C. 2929.22.

{¶ 18} It is an abuse of discretion for a trial court to fail to consider the sentencing criteria set forth in R.C. 2929.22. *Richmond Hts. v. Uy* (Oct. 19, 2000), 8th Dist. No. 77117. However, "when determining a misdemeanor sentence, R.C. 2929.22 does not mandate that the record reveal the trial court's consideration of the statutory sentencing factors. Rather, appellate courts will presume that the trial court considered the factors set forth in R.C. 2929.22 when the sentence is within the statutory limits, absent an affirmative showing to the contrary." *State v. Nelson*, 172 Ohio App.3d 419, 2007-Ohio-3459, 875 N.E.2d 137, ¶12, citing *State v. Kelly*, 2d Dist. No. 2004 CA 122, 2005-Ohio-3058; see, also, *Uy*.

{¶ 19} GIW argues that the trial court's decision to impose the maximum fine was not based upon consideration of the sentencing factors, but rather on the court's preconceived policy of imposing the maximum fine for any violation of the ordinance. In support of this argument, GIW cites to *State v. Piotrowski*, 10th Dist. No. 05AP-159, 2005-Ohio-4550. In *Piotrowski*, the defendant entered a guilty plea to an operating a motor vehicle while intoxicated charge, his first such offense. At sentencing, defense counsel argued against a jail sentence and provided the court with a number of mitigating factors. The trial court stated on the record that it had a "policy

on first time OMVIs," and proceeded to impose a sentence that included a jail term.  The appellate court reversed, finding that rather than consider the lengthy mitigation factors presented, "the plain words the court used indicated the trial court sentenced defendant pursuant to its preconceived policy requiring a period of time in jail for OVI offenders."  Id. at ¶8.  In the instant case, GIW fails to make any reference to the record in support of its claim that the trial court adhered to a "preconceived policy" of imposing only the maximum fine for violations of C.C.O. §367.12(C).

{¶ 20} The sentence imposed by the trial court is within the limits authorized by law.  As GIW has made no affirmative showing that the trial court failed to consider the R.C. 2929.22 factors in determining this sentence, we will presume that it did.  *Nelson.*  Accordingly, the third assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, JUDGE

PATRICIA ANN BLACKMON, P.J., CONCURS;
JAMES J. SWEENEY, J., CONCURS IN
JUDGMENT ONLY