[Cite as *State v. McClellan*, 2011-Ohio-4557.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.    10 MA 181 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| GARY McCLELLAN, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Youngstown
                              Municipal Court, Case No. 08TRD4487.

JUDGMENT:                     Affirmed in part; Remanded in part.


APPEARANCES:
For Plaintiff-Appellee:       Attorney Joseph Macejko
                              Prosecuting Attorney
                              26 South Phelps Street
                              Youngstown, Ohio  44503



For Defendant-Appellant:      Attorney Megan Graff
                              100 Federal Plaza East
                              Youngstown, Ohio  44503



JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro


                              Dated:  September 8, 2011

VUKOVICH, J.

¶{1} Defendant-appellant Gary McClellan appeals the decision of the Youngstown Municipal Court that revoked his probation and sentenced him to an aggregate sentence of 360 days. Two assignments of error are raised in this appeal.

¶{2} McClellan argues in his first assignment of error that his probation violation hearing was not constitutionally sufficient. Specifically, he asserts the court did not permit him an opportunity to be heard and present witnesses, or to cross-examine witnesses against him. In his second assignment of error, he contends the trial court erred when it failed to sua sponte determine jail time credit. The City of Youngstown did not respond to the above arguments and did not file an appellate brief.

¶{3} McClellan did not file a motion requesting the trial court to determine jail time credit, he did not object to the trial court's failure to determine jail time credit and he did not object to the alleged due process violations. Thus, we review the errors under a plain error analysis. As to the due process argument, we find that the alleged errors do not rise to the level of plain error. McClellan argued and attempted to offer evidence to show that his probation should not be revoked. The trial court found no merit with his argument. As to the jail time credit argument, it is the trial court's duty to calculate jail time credit. Jail time credit was not determined, thus, we find merit with that argument.

¶{4} Consequently, the matter is hereby affirmed in part and remanded in part. The trial court revocation of probation ruling is affirmed. However, as to sentencing, the matter is remanded to the trial court solely for the purpose of calculating how much, if any, jail time credit McClellan's sentence should be credited.

## STATEMENT OF CASE

¶{5} This appeal involves Youngstown Municipal Court case numbers 08TRD4487 and 09CRB435. In case number 08TRD4487, a complaint was brought against McClellan in Youngstown Municipal Court alleging that on September 24, 2008, McClellan drove while under suspension in violation of R.C. 4510.11(A) and failed to drive upon the right side of the road in violation of Youngstown Ordinance 331.01(A). The city and McClellan entered into a plea agreement; McClellan pled no contest to the DUS charge and the failure to drive upon the right side of the road

charge was dismissed. The trial court found him guilty and set sentencing for August 27, 2009. McClellan failed to appear for sentencing and a capias for his arrest was issued.

¶{6} In case number 09CRB435, it is alleged that on March 5, 2009, McClellan possessed Marijuana in violation of Youngstown Ordinance 513.03 and that he committed the crime of disorderly conduct in violation of R.C. 2917.11(A)(1). On March 24, 2009, he pled no contest to the charges and was found guilty. He was sentenced to thirty days on the drug abuse conviction and received a $100 fine. On the disorderly conduct conviction he was fined $100. He also received 2 years of intensive probation. The terms of his probation required him to undergo drug and alcohol assessment within three months of his release. He was subject to random drug and alcohol screens and ordered to attend at least 2 AA meetings per week. 03/24/09 J.E. On September 2, 2009, a capias was issued for his arrest for allegedly failing to abide by the terms of his probation.

¶{7} At this point the two cases become intertwined. On August 18, 2010, McClellan was arrested on both capiases. Both matters were set for a September 22, 2010 hearing. On that date, counsel was appointed and both cases were reset for October 27, 2010.

¶{8} Immediately prior to the October 27, 2010 hearing, McClellan was served with notification of probation violations in case number 09CRB435. The notice indicated that McClellan failed to report on July 10, 2009, that he failed to comply with drug and alcohol treatment, and failed to pay the financial sanctions. McClellan pled not guilty to the violations and the matter was set for a final probation hearing for November 17, 2010. The trial court, at that time, reset the sentencing in case number 08TRD4487 to that date also so that all matters could be resolved at one time.

¶{9} Immediately prior to the November 17, 2010 hearing, McClellan was served with another notification of a probation violation. This notification alleged that McClellan violated his probation in case number 09CRB435 when he failed to "obey all laws, court orders, city ordinances, and be of good behavior." 11/17/10 Notice. It stated that he was convicted of another DUS offense on September 24, 2010 (10TRD2076). McClellan moved for a continuance so that he could investigate the newly alleged violation. The trial court denied the motion.

¶{10} The case then proceeded to hearing. On the alleged probation violation in case number 09CRB435, the court found that McClellan violated the terms of his probation by failing to report, get treatment, and failing to pay financial sanctions. It revoked probation and imposed an aggregate sentence of 180 days; he received 150 days on the drug abuse conviction and 30 days on the disorderly conduct conviction. As to case number 08TRD4487, the DUS conviction, the trial court sentenced him to 180 days in jail to run consecutive to the sentence entered in 09CRB435. It also imposed a $1,000 fine. The court ordered the sentences to be served consecutive to each other. The sentences were stayed and bond was set pending appeal.

FIRST ASSIGNMENT OF ERROR

¶{11} "THE TRIAL COURT ERRED BY FAILING TO HOLD A CONSTITUTIONALLY SUFFICIENT PROBATION VIOLATION HEARING."

¶{12} Even though a revocation proceeding is not a criminal proceeding, it must comport with certain due process requirements. *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 782. Such requirements are: 1) written notice of the claimed violations; 2) disclosure of evidence against him; 3) opportunity to be heard and to present witnesses and documentary evidence; 4) the right to confront and cross-examine adverse witnesses; 5) a "neutral and detached" hearing body; and 6) a written statement by the factfinder of the evidence relied upon and reasons for revocation. Id. at 786; *State v. Miller* (1975), 42 Ohio St.2d 102.

¶{13} McClellan did not lodge any objections at the probation revocation hearing. This court and other appellate courts have stated that the failure to object to due process violations during a probation revocation proceeding waives all but plain error. *State v. Pavlich*, 6th Dist. No. E-10-011, 2011-Ohio-802, ¶26; *State v. Parker*, 5th Dist. Nos. 2010CA148, 2010CA149, 2011-Ohio-595, ¶27; *State v. Delaine*, 7th Dist. No. 08MA257, 2010-Ohio-609, ¶22; *State v. Harmon,* 2d Dist. No.2007 CA 35, 2008-Ohio-6039. An error not brought to the trial court's attention will constitute plain error when it affects a substantial right. Crim.R. 52(B). The decision to correct plain error is discretionary. *State v. Barnes* (2000), 94 Ohio St.3d 21, 27. The court cannot exercise that discretion, however, unless there is an obvious error that affected the outcome. Id. The plain error doctrine must be implemented "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long* (1978), 53 Ohio St.2d 91, syllabus.

¶{14} Starting with the opportunity to be heard and to present witnesses and documentary evidence, the record does not support the position that the trial court denied McClellan that right. The record indicates that McClellan subpoenaed Ms. Bridget Lincoln of the Ohio Adult Parole Authority and requested production of McClellan's complete parole record. The subpoena indicated that if she was not able to appear she was to fax the parole record to McClellan's attorney by November 15, 2010. The parole record and/or Ms. Lincoln's testimony was allegedly needed to show there was an excusable reason for McClellan's alleged probation violations of failing to report, failing to get treatment, and failing to pay financial sanctions. McClellan's counsel at the hearing indicated that McClellan was on parole from Judge Sweeney's Court in Mahoning County Common Pleas Court and that he was violated at "roughly" the same time that he failed to complete tasks for the Youngstown Municipal Court's probation department. Tr. 9. Counsel then explained:

¶{15} "MS. TURNER [counsel for McClellan]: * * *

¶{16} "Your Honor, we sent a subpoena to his parole officer, who was Bridget Lincoln. Miss Lincoln contacted our office indicating that she is, I believe she is not able to appear. She is at a mandatory field training and the subpoena had to be forwarded to Columbus to get his actual APA records to try to have available to this Court. But from what we have from Judge Sweeney's court it appears when he failed to report here it was in conjunction with her case and then being shipped back to prison for failing to complete his task.

¶{17} "THE COURT: That was when?

¶{18} "MS. TURNER: I have the entirety of his case in Judge Sweeney's case. It started, it looks like there was a direct presentment in August of 2006 and the last entry is the termination report filed by CCA February 24th of 2010 so that case was open in her court for that long. He went back on two different violations, the most recent being December 29th of 2009. That was the motion to extend or revoke that was filed.

¶{19} "THE COURT: Well, he had all that time up until then to do what he was supposed to do and he didn't because I sentenced him in March.

¶{20} "MS. TURNER: I understand, Your Honor, but what I am trying to say, Your Honor, is that most of his time was spent in prison and/or dealing with APA. Again, I was trying to get their records to show you." Tr. 10.-11

**¶{21}** The above evinces that there was no violation as to the ability to call witnesses and present evidence. McClellan subpoenaed a witness and documents. Neither the witness nor the documents were available for the court to examine. However, the trial court was informed about what that witness/documents would show. It also heard about the common pleas court file that allegedly provided similar evidence as to why McClellan could not comply with the probation requirements.

**¶{22}** That information was before the court to consider and the record demonstrates that the court considered it but found it did not excuse the violations. Tr. 11-12. It noted that from the time probation was imposed (March 2009) until September 2009 (when the capias was issued for his arrest), which was about six months, he had made no progress and did not report at all. Tr. 11. The court found that that was enough to revoke his probation. Tr. 11-12.

**¶{23}** Such a finding is supported by law. Recently, we have found that when a probationer fails to report because he or she is in jail, probation can legally be revoked. *State v. Johnson*, 7th Dist. No. 09MA94, 2010-Ohio-2533, ¶12-26. In that case we explained that when a probationer is in jail that is a direct result of the probationer's actions. Id. at ¶13-15. Thus, it is not something that is beyond the probationer's control that could excuse the failure to comply with the probation requirements. Id.; Cf. *State v. Bleasdale* (1990), 69 Ohio App.3d 68 (Appellant was ordered to complete a specific drug treatment program as a condition of his probation, but was terminated from the program because it did not provide for his mental health issues. Thus, the Eleventh Appellate District found that there was no willful or intentional violation of the conditions of appellant's probation.). In finding that it was not beyond Johnson's control, we noted that Johnson did not call to reschedule the appointment and did not report once he was released. Id. We indicated that it was within Johnson's control to "make the necessary arrangements to report to his probation officer at some time." Id. That analysis equally applies here.

**¶{24}** Consequently, McClellan was not denied the right to present witnesses and evidence. Furthermore, the trial court's actions do not amount to plain error because the argument was heard, considered and appropriately found to be an inexcusable reason for violating the terms of the probation.

¶{25} The other remaining argument that the trial court violated his due process rights concerns the ability to cross-examine witnesses against him. This argument concerns the following "testimony":

¶{26} "THE COURT: Dave, can you tell me what progress he made in April, May, June, July, August, September of '09?

¶{27} "MR. THOMPSON: Your Honor, there was no progress made. The Defendant did not report.

¶{28} "THE COURT: That's all I need to hear." (Tr. 11-12).

¶{29} McClellan does not complain about this being testimony, but rather that he was not given the opportunity to cross-examine. While it is true that McClellan's counsel was not asked if she had any questions, this alleged error does not constitute plain error.

¶{30} McClellan's position was not that he had reported, that he had completed treatment and/or that he had paid the financial sanctions. Rather, his position was that he was in and out of jail during that period of time and could not perform the obligations of his probation. Thus, the questions counsel would ask of Mr. Thompson would concern whether he was aware that McClellan was in jail. The court was aware of the fact that McClellan was in jail, however, as discussed above, that did not affect its decision. As aforementioned, the trial court's decision to revoke probation even though McClellan could not perform his probation because he was intermittently in jail was legally sound. Considering all the above, both of McClellan's arguments under this assignment of error are without merit.

SECOND ASSIGNMENT OF ERROR

¶{31} "THE TRIAL COURT ERRED BY FAILING TO DETERMINE IF MR. MCLELLAN WAS DUE JAIL TIME CREDIT."

¶{32} In the sentencing judgment entries for case numbers 08TRD4487 and 09CRB435, the municipal court does not mention whether or not McClellan is entitled to jail time credit.

¶{33} In 2008 when discussing jail time credit, the Ohio Supreme Court indicated that defendants must be credited for eligible jail time credit. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶7. It explained:

¶{34} "The Equal Protection Clause requires that *all* time spent in any jail prior to trial and commitment by [a prisoner who is] unable to make bail because of indigency *must* be credited to his sentence." Id.

¶{35} Likewise, R.C. 2967.191 indicates that there is a right to jail time credit:

¶{36} "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term." See also R.C. 2949.08(C)(1) (discussing jailer reducing terms).

¶{37} Furthermore, the Ohio Administrative Code indicates that computation of credit for time served is a mandatory duty on the trial court:

¶{38} (B) The sentencing court determines the amount of time the offender served before being sentenced. The court must make a factual determination of the number of days credit to which the offender is entitled by law and, if the offender is committed to a state correctional institution, forward a statement of the number of days of confinement which he is entitled by law to have credited. **This information is required to be included within the journal entry imposing the sentence or stated prison term**." Ohio Adm.Code 5120-2-04(B) (Emphasis added).

¶{39} Therefore, the trial court is required to compute jail time credit and include it in the judgment entry. That said, we review the argument sub judice under a plain error analysis because not only did McClellan fail to file a motion for jail time credit, but he failed to object to the trial court's failure to consider jail time credit at the sentencing hearing. *State v. Goings,* 10th Dist. No. 07AP-644, 2008-Ohio-949, ¶7 (no objections were raised at the sentencing hearing regarding defendant's jail time credit; therefore, appellant has waived all but plain error), citing *State v. Fugate,* 10th Dist. No. 06AP-298, 2006-Ohio-5748, ¶19, reversed on other grounds, *Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856; *State v. Fife,* 2nd Dist. No.2006-CA-33, 2007-Ohio-6588, ¶12 (failure to raise error with regard to jail time credit requires plain error for reversal); *State v. Miller,* 4th Dist. No. 07CA2, 2007-Ohio-5931, ¶14 (defendant did not raise his

jail time credit argument in the trial court, thus, he has forfeited all but plain error). Plain error does exist where the trial court fails to properly calculate an offender's jail-time credit, pursuant to R.C. 2967.191, and to include the amount of jail-time credit in the body of the offender's sentencing judgment. *State v. Miller,* 8th Dist. No. 84540, 2005-Ohio-1300, ¶10.

¶{40} As previously indicated, the trial court's judgment entry does not mention jail time credit. Likewise, at the sentencing hearing there was no mention of jail time credit. Therefore, from the record it is unclear to us whether the trial court considered jail time credit. Since it is the trial court's duty to calculate jail time credit and the record is devoid of any indication that jail time credit was considered, we find merit with this assignment of error.

## CONCLUSION

¶{41} For the foregoing reasons, the judgment of the trial court is hereby affirmed in part and remanded in part. The trial court's ruling revoking probation is affirmed. However, as to the sentence imposed, the matter is remanded solely for the trial court to calculate how much, if any, jail time credit McClellan's sentence should be credited.

Waite, P.J., concurs.
DeGenaro, J., concurs.