[Cite as *State v. Harris*, 2012-Ohio-5612.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 11 MA 184 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| LONNIE M. HARRIS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from the
                                   Youngstown Municipal Court,
                                   Case Nos. 10CRB1034 & 10TRD1272.

JUDGMENT:                          Affirmed.

APPEARANCES:
For Plaintiff-Appellee:            Attorney Dana Lantz
                                   Youngstown City Prosecutor
                                   Attorney Bassil Ally
                                   Asst. City Prosecutor
                                   26 S. Phelps Street, 4th Floor
                                   Youngstown, OH  44503

For Defendant-Appellant:           Attorney Douglas King
                                   Hartford, Dickey & King
                                   91 W. Taggart Street
                                   P.O. Box 85
                                   East Palestine, OH  44413

JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Gene Donofrio

                                   Dated:  November 27, 2012

DeGenaro, J.

{¶1} Defendant-Appellant, Lonnie Harris, appeals the decision of the Youngstown Municipal Court that imposed two consecutive six-month sentences following a probation violation hearing. On appeal, Harris argues that the trial court abused its discretion in imposing maximum and consecutive sentences. He also contends that the trial court erred by failing to give him appropriate jail-time credit.

{¶2} Upon review, Harris' arguments are meritless. Harris' failure to raise objections during sentencing waived these issues on appeal, absent plain error. Harris has not demonstrated that the trial court committed an abuse of discretion, let alone plain error, by imposing maximum and consecutive sentences. Further, the trial court's failure to discuss jail-time credit on the record was not plain error. The record does not indicate that Harris was confined prior to his probation violation hearing, and he has not alleged that he was prejudiced by any error. Accordingly, the judgment of the trial court is affirmed.

**Facts and Procedural History**

{¶3} On May 10, 2010, the Youngstown Municipal Court filed two complaints against Harris. In Case No. 2010-TRD-1272, Harris was charged with driving under suspension (Youngstown City Ordinance 335.07(a)), a first-degree misdemeanor; and obedience to traffic control devices (Youngstown City Ordinance 313.01(a)), a minor misdemeanor. In Case No. 2010-CRB-834, Harris was charged with obstructing official business (Youngstown City Ordinance 525.07(a)), a first-degree misdemeanor. Harris pled not guilty to all the charges and the court appointed him counsel.

{¶4} On June 1, 2010, the matter came before the court for a bench trial, and the court subsequently issued a judgment entry, finding Harris guilty of driving under suspension and obstructing official business. The court found that Harris was not guilty of the traffic control devices charge. The court ordered Harris to pay $250 plus court costs for each count, as well as $100 reimbursement for Community Control Supervision. These fines were to be paid within six months. The trial court also sentenced Harris to 18 months intensive probation. The terms of his probation required him to undergo a drug and alcohol assessment and be subject to random drug and alcohol screens.

{¶5} On May 5, 2011, the court granted Harris additional time, until June 30,

2011, to pay his fines and costs.

**{¶6}** On July 7, 2011, the Youngstown Municipal Court Probation Department issued a notification of possible probation violation for Harris for failure to comply with drug and alcohol treatment in both cases. The notice of probation violation for Case No. 2010-TRD-1272 also alleged that Harris had an unpaid balance of $424 of fines and costs. Harris stipulated to probable cause for the probation violations on August 30, 2011.

**{¶7}** On September 29, 2011, the matter came before the court for a final probation violation hearing. Following the hearing, the court issued a judgment entry finding that Harris violated the terms of his probation. The court terminated Harris' probation and sentenced him to 180 days incarceration for each of the two cases, to be served consecutively.

**{¶8}** The State has declined to file an appellee's brief. Accordingly, we "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).

### Maximum Consecutive Sentences

**{¶9}** Harris asserts four assignments of error on appeal. Because the first three assignments of error concern whether the trial court abused its discretion in sentencing him to maximum, consecutive sentences, these assignments of error will be discussed together:

**{¶10}** "The trial court abused its discretion by imposing maximum consecutive sentences."

**{¶11}** "The court's consecutive six (6) month sentences imposes an unnecessary burden on local government resources."

**{¶12}** "The imposition of maximum consecutive sentences is not supported by the record herein."

**{¶13}** Misdemeanor sentences are reviewed for an abuse of discretion. *State v. Reynolds*, 7th Dist. No. 08-JE-9, 2009-Ohio-935, ¶ 9. An abuse of discretion means more than an error of judgment; it implies that the trial court's decision was unreasonable,

arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). Because Harris did not raise any objections during sentencing, he has waived appellate review, absent plain error. *State v. Jick*, 7th Dist. No. 08 MA 110, 2009-Ohio-4966, ¶ 14. Pursuant to Crim.R. 52(B), plain error is an error which was an obvious defect in the trial proceedings, and which affected the defendant's substantial rights. *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240.

**{¶14}** A trial court must consider the criteria of R.C. 2929.22 and the principles of R.C. 2929.21 before imposing a misdemeanor sentence. *State v. Crable,* 7th Dist. No. 04 BE 17, 2004-Ohio-6812, ¶ 24. R.C. 2929.22(A) instructs the trial court to use its discretion to determine the most effective way to achieve the purposes and principles of sentencing set forth in R.C. 2929.21, without placing an unnecessary burden on local government resources. R.C. 2929.22(B) sets forth specific factors for the trial court to consider before imposing a sentence, including the nature and circumstances of the offense, the offender's history of criminal conduct, the victim's circumstances, and the likelihood that the offender will commit future crimes.

**{¶15}** However, the trial court is not required to state on the record its consideration of sentencing factors when determining a misdemeanor sentence. *Id.* When a misdemeanor sentence is within the statutory range, "a reviewing court will presume that the trial judge followed the standards in R.C. 2929.22, absent a showing to the contrary." *Reynolds* at ¶ 21, citing *Crable* at ¶ 24. A silent record creates a rebuttable presumption that the sentencing court considered the statutory sentencing criteria. *State v. Best,* 7th Dist. No. 08 MA 260, 2009-Ohio-6806, ¶ 14.

**{¶16}** Here, the trial court revoked Harris' probation and sentenced him to 180 days imprisonment on each offense, to be served consecutively. When a defendant violates community control sanctions, the trial court may impose a jail term for which "the total time spent in jail for the misdemeanor offense and the violation of a condition of the community control sanction shall not exceed the maximum jail term available for the offense for which the sanction that was violated was imposed." R.C. 2929.25(D)(3). Harris was originally convicted of driving under suspension and obstructing official

business, both first-degree misdemeanors which carry a maximum sentence of 180 days. R.C. 2929.24(A)(1). Thus, Harris' sentence was within the statutory range.

{¶17} Harris argues that it is clear that the trial court did not consider the sentencing criteria in R.C. 2929.22 because the nature and circumstances of the offenses do not justify consecutive six-month sentences. However, Harris has not provided any examples from the record to rebut the presumption that the trial court considered the statutory sentencing criteria, such as where the trial court states that it has a preconceived policy as to sentencing OVI offenders. *See Jick* at ¶ 21, citing *State v. Piotrowski*, 10th Dist. No. 05AP-159, 2005-Ohio-4550. There is nothing in the record to indicate that the trial court did not consider these sentencing criteria. Moreover, during the sentencing hearing, the court considered Harris' failure to attend drug assessments and to pay his financial sanctions.

{¶18} During the sentencing hearing, Harris' probation officer advised the court that Harris had received a negative termination from his drug treatment program for failure to attend assessments and he had a "couple" positive screens for marijuana. For Case No. 2010-TRD-1272, he had paid $5 towards the $429 in fines that were due on June 30, 2011. He had also been convicted of two additional driving under suspension charges on August 11, 2011 and September 21, 2011. The probation officer also confirmed that Harris had satisfied the financial sanctions for Case No. 2010-CRB-834. Harris' counsel notified the court that Harris recently began attending his drug treatment program and that he had limited funds and was self-employed by mowing lawns and landscaping.

{¶19} Upon review of the record, the trial court's sentence was not unreasonable or arbitrary. While Harris had satisfied part of his financial sanctions and apparently had recently began complying with his drug treatment, he had violated the conditions of his community control sanctions on drug usage and had been convicted twice during his probation period for one of his underlying offenses. Moreover, while Harris urges us to consider the "wisdom and logic" of the mandate of R.C. 2929.41 that only extraordinary circumstances justify consecutive sentencing and R.C. 2929.22(C) that only the worst forms of the offense merit maximum sentences, he concedes that these statutory

provisions have been declared unconstitutional. *Jick* at ¶ 16, citing *State v. Brooks*, 7th Dist. No. 05 MA 31, 2006-Ohio-4610, ¶ 71; *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Thus, his arguments based on these statutory provisions lack merit.

{¶20} Finally, Harris contends that the trial court's imposition of two consecutive six-month sentences imposes an unnecessary burden on local government resources given the nonviolent nature of his offenses. However, as discussed above, the trial court imposed Harris' sentences following his violation of the terms of his probation. Furthermore, being placed under community control sanctions has not deterred Harris from further criminal conduct. Thus, the trial court's sentence did not impose an unnecessary burden on government resources.

{¶21} Therefore, the trial court's decision to impose maximum, consecutive sentences was not an abuse of discretion, let alone plain error. Accordingly, the first three assignments of error are meritless.

## Jail-Time Credit

{¶22} In his fourth assignment of error, Harris argues:

{¶23} "The trial court erred by failing to give Defendant/Appellant appropriate jail time credit."

{¶24} Harris argues that the trial court erred because he was given no credit towards his sentence for any time served in violation of the Equal Protection Clause of the United States Constitution. He notes that the trial court failed to even consider the issue of jail-time credit.

{¶25} The practice of crediting jail-time is rooted in the Equal Protection Clause of the U.S. Constitution. "The Equal Protection Clause does not tolerate disparate treatment of defendants based solely on their economic status." *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 7. Thus, defendants unable to make bail while awaiting trial must be credited for the time they are confined. *Id.* R.C. 2967.191 codifies this concept and governs a defendant's entitlement to jail-time credit in Ohio, and provides in pertinent part:

"The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *."

**{¶26}** Harris did not object at the sentencing hearing to the trial court's failure to address jail-time credit nor did he file a motion for the court to determine such credit. Thus, again this assignment of error will be reviewed for plain error. *State v. McClellan*, 7th Dist. No. 10 MA 181, 2011-Ohio-4557, ¶ 39. "Plain error does exist where the trial court fails to properly calculate an offender's jail-time credit, pursuant to R.C. 2967.191, and to include the amount of jail-time credit in the body of the offender's sentencing judgment." *Id.*, citing *State v. Miller*, 8th Dist. Nos. 84540, 84916, 2005-Ohio-1300, ¶ 10.

**{¶27}** In *McClellan*, this court found plain error where the trial court did not address jail-time credit at the sentencing hearing nor did it mention whether the defendant was entitled to jail-time credit in the sentencing entry. This court noted that the trial court is required to compute jail-time credit and include such credit in the judgment entry. Because there was no indication in the record that the trial court considered jail-time credit, this court remanded the case for such consideration. *Id.* at ¶ 39-41.

**{¶28}** Here, the record is unclear whether Harris is entitled to any jail-time credit. Harris did not specify how many days of credit he believes should be credited to his sentence or the dates he was confined. The record does show that he was subject to electronically monitored house arrest (EMHA) leading up to the trial on June 1, 2010 for the underlying offenses. He was originally arrested on May 11, 2010, and then released on EMHA the next day. Harris would not be entitled to jail-time credit for time spent on EMHA. *See State v. Gowdy*, 7th Dist. No. 07 MA 103, 2008-Ohio-1533, ¶ 27 (defendant not entitled to jail-time credit for time spent on EMHA as presentence condition of bail).

**{¶29}** However, the record does not reveal whether Harris spent time in jail

between the date of the notification of the probation violation and the probation violation hearing. In *McClellan*, a capias was issued and the defendant was arrested prior to his probation violation/sentencing hearing. *Id.* at ¶ 6-7. Thus, the record in that case showed a potential error regarding jail-time credit. Whereas here, a capias was not issued for Harris' arrest prior to the probation violation hearing nor does the record contain evidence that Harris was in jail prior to a Commitment/Mittmus that was issued the day after the probation violation hearing.

**{¶30}** We have previously held that "[t]o constitute plain error, the error must be obvious on the record, palpable, and fundamental * * *." *State v. Barr*, 158 Ohio App.3d 86, 2004-Ohio-3900, 814 N.E.2d 79, ¶ 12 (7th Dist.). Because the record lacks any indication that Harris spent time in jail prior to the probation violation hearing, it follows that the record is devoid of any consideration of jail-time credit by the trial court. Moreover, because Harris has not argued that he actually spent time in jail, he has not demonstrated that he was prejudiced by the trial court's error. *See State v. Fife*, 2d Dist. No. 2006-CA-33, 2007-Ohio-6588, ¶ 12. Thus, under these circumstances we decline to find plain error. Accordingly, Harris' fourth assignment of error is meritless.

**{¶31}** In sum, Harris' assignments of error are meritless. The trial court did not abuse its discretion or commit plain error in sentencing Harris to consecutive, maximum sentences. Further, the trial court did not commit plain error regarding jail-time credit, as there is no indication that Harris was confined before his sentence and he has not alleged any prejudice. Accordingly, the judgment of the trial court is affirmed.

Waite, P.J., concurs.

Donofrio, J., concurs.