[Cite as *State v. Harper*, 2022-Ohio-3329.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111193 |
| v. | : | |
| VERLONDO R. HARPER, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** September 22, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-647382-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel Cleary, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender, *for appellant.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant Verlondo Harper ("appellant") appeals his sentence from the Cuyahoga County Court of Common Pleas, arguing that it is unconstitutional and that he was not awarded the proper jail-time credit. After a thorough review of the

facts and applicable law, we remand the case to the trial court for the limited purpose of issuing a nunc pro tunc journal entry crediting appellant's prison sentence with 714 days of jail-time credit; otherwise, the judgment is affirmed.

## I. Factual and Procedural History

{¶ 2} This appeal arises from appellant's convictions and sentencing for one count of rape, a felony of the first degree, in violation of R.C. 2907.02(A)(2), one count of abduction, a felony of the third degree, in violation of R.C. 2905.02(A)(2), and one count of assault, a misdemeanor of the first degree, in violation of R.C. 2903.13.[1]

{¶ 3} The court sentenced appellant to a minimum of five years and a maximum of seven and one-half years under the Reagan Tokes Law and granted him credit for 687 days served in jail while his case was pending. The court noted that it believed the Reagan Tokes Law to be unconstitutional but sentenced him under it anyway.

{¶ 4} Appellant subsequently filed the instant appeal, raising two assignments of error for our review:

> I. The trial court erred when it found S.B. 201 to be constitutional and imposed an indefinite sentence pursuant to S.B. 201.

> II. The trial court erred in miscalculating the number of days of credit for time served in jail as 687, when the correct number was 716 at the time of sentencing.

---

[1] The underlying substantive facts of this case are not relevant to the issues raised in this appeal.

## II. Law and Analysis

{¶ 5} In appellant's first assignment of error, he argues that the trial court erred by sentencing him to an unconstitutional statutory scheme. Specifically, he contends that the Reagan Tokes Law violates the separation-of-powers doctrine and his right to a jury trial and due process under the Fourteenth Amendment to the United States Constitution. Appellant concedes that these same arguments were addressed in this court's en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.). Thus, we need not dwell on them. Based on the authority established by this district's en banc holding in *Delvallie*, the challenges appellant advances against the constitutional validity of the Reagan Tokes Law with regard to separation of powers, right to jury trial, and due process have been overruled. *See id.* at ¶ 17-51.

{¶ 6} Appellant's first assignment of error is overruled.

{¶ 7} In his second assignment of error, appellant argues that the trial court erred in awarding him only 687 days of jail-time credit when he was entitled to 716 days.

{¶ 8} R.C. 2929.19(B)(2)(g)(i) states that a sentencing court, if it determines at the sentencing hearing that the defendant is receiving a prison term, shall determine and notify the offender of, and include in the sentencing entry, the number of days of credit the offender shall receive. Thus, the trial court had a duty to calculate jail-time credit at the time of sentencing. *See State v. Santamaria*, 2014-Ohio-4787, 22 N.E.3d 288, ¶ 10 (9th Dist.) (pursuant to R.C. 2929.19(B)(2)(g)(i),

the trial court had a duty to calculate the defendant's jail-time credit at the time of his resentencing, notify him of the number of days he would be credited, and memorialize that information in the sentencing entry); *see also State v. Fitzgerald*, 8th Dist. Cuyahoga No. 98723, 2013-Ohio-1893, ¶ 5-7 (Boyle, J., concurring) (amendments to R.C. 2929.19 impose a duty upon a trial court at the time of sentencing to determine jail-time credit).

{¶ 9} A review of the record establishes that the trial court mentioned that appellant had a "two-year jail credit" but did not specifically determine the precise number of days. Appellant did not object to the trial court's failure to determine jail-time credit nor did he file a motion requesting the trial court recalculate his jail-time credit. Thus, we review this issue for plain error. *State v. Williams*, 8th Dist. Cuyahoga No. 105903, 2018-Ohio-1297, ¶ 11, citing *State v. McClellan*, 7th Dist. Mahoning No. 10 MA 181, 2011-Ohio-4557, ¶ 39 (appellant waived all but plain error because he failed to file a motion for jail-time credit or object to the trial court's failure to consider jail-time credit at sentencing hearing).

{¶ 10} R.C. 2967.191 requires the department of rehabilitation and correction to reduce the prison term of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which he or she was convicted and sentenced. It is the duty of the trial judge to determine the amount of jail-time credit to which a prisoner is entitled. *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7. This information must be included in appellant's sentencing entry. *See* R.C.

2949.12; Ohio Adm.Code 5120-2-04(B). Accordingly, the trial court's failure to properly calculate jail-time credit and include it in the body of the sentencing order is plain error. *State v. Miller*, 8th Dist. Cuyahoga Nos. 84540 and 84916, 2005-Ohio-1300, ¶ 10.

{¶ 11} Appellant asserts that he was arrested on December 31, 2019, and remained in jail until the time of his sentencing hearing on December 13, 2021. He notes that the sentencing entry was not filed until December 15, 2021. He asserts that December 31, 2019, until December 15, 2021, totals 716 days. The state concedes that appellant is owed the 716 days from the date of his arrest until December 15, 2021. In its sentencing entry, the court only awarded appellant 687 days.

{¶ 12} While the state concedes the error and concurs with appellant's assertion that he is entitled to 716 days rather than 687, we do not agree with the state and appellant's calculation. Both appellant and the state are using December 15, 2021, as the end date for jail-time credit; however, the sentencing hearing in this matter occurred on December 13, 2021. Accordingly, appellant is entitled to two days less than the state and appellant contend, or 714 days total. Appellant's second assignment of error is sustained.

### III. Conclusion

{¶ 13} The trial court did not err in sentencing appellant under the Reagan Tokes Law, and his first assignment of error is overruled.

{¶ 14} The trial court did err in awarding appellant only 687 days of jail-time credit rather than 714. Appellant's second assignment of error is sustained in part, and this case is remanded to the trial court for the limited purpose of correcting nunc pro tunc the clerical error in its judgment entry so that the entry reflects that appellant is entitled to 714 days of jail-time credit. The judgment of the trial court is otherwise affirmed.

{¶ 15} Judgment affirmed. Case remanded to the trial court for the limited purpose of issuing a nunc pro tunc journal entry to credit appellant with 714 days of jail-time credit.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR