JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Michael Hodges appeals from his convictions for aggravated assault and kidnapping. For the reasons set forth below, we affirm.
 {¶ 2} On February 27, 2007, defendant was indicted for one count of felonious assault and one count of kidnapping in connection with an alleged attack on his former girlfriend, Felisha Saldana. Defendant pled not guilty and the matter proceeded to a jury trial on December 17, 2007.
 {¶ 3} The state's evidence demonstrated that, at around 9:00 p.m., on December 28, 2006, Saldana returned home with her son and a friend after getting her hair done. She and defendant spoke briefly but she could see that he was upset. After the friend left, Saldana placed her son in his crib and they began to argue. Defendant punched her in the face, fracturing her nose, and causing her nose to bleed profusely. He then yanked her by the throat and slammed her onto the washing machine. According to Saldana, defendant held her down and she could not get away.
 {¶ 4} Defendant let up to look for a necklace that he had lost and Saldana fled to a neighbor's house. The neighbor looked out her window at Saldana but did not let her in. Defendant then grabbed her and carried her back into the house. He ordered her to clean her face and when he looked for his necklace a second time, Saldana fled the house with her son. She ran to a friend's house and called the police. The police arrived approximately forty-five minutes later. At this time, Saldana's nose was "flattened out" and still bleeding. Saldana went to Fairview Hospital for treatment and received follow-up treatment at MetroHealth Center. *Page 4 
 {¶ 5} Defendant maintained that Saldana was the aggressor and that he looked up following her attack and observed that her nose was bloodied. The defense established that defendant made a statement to police following the incident. In addition, defendant's mother testified that Saldana is aggressive, frequently threatens to fight and had stated that if defendant ever left her, she would make him regret it.
 {¶ 6} The trial court instructed the jury on aggravated assault as a lesser offense of felonious assault and abduction and unlawful restraint as lesser offenses of kidnapping. Defendant was subsequently convicted of aggravated assault and kidnapping. The trial court sentenced him to three years of imprisonment plus five years of post-release control sanctions. Defendant now appeals and assigns three error for our review.
 {¶ 7} For his first assignment of error, defendant asserts, under authority of State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624,885 N.E.2d 917, ("Colon I"), that the indictment failed to set forth a mens rea element for the charge of kidnapping and this resulted in a structural error.
 {¶ 8} In Colon I, the court held that the mens rea element of an offense is an essential part of a charge and that the omission of the mens rea element from an indictment constitutes structural error when the defects in the indictment permeate the trial to the point of questioning the reliability of the court's function for determining guilt or innocence. Id. In State v. Colon, 119 Ohio St.3d 204,2008-Ohio-3749, 893 N.E.2d 169, ("Colon II"), the supreme court emphasized that its reversal in Colon I *Page 5 
had been premised on the following four factors: (1) the indictment did not charge the reckless mental element for robbery under R.C. 2911.01(A)(2); (2) the state did not attempt to prove the element of recklessness; (3) the trial court failed to instruct the jury on a mens rea element of recklessness; and (4) in closing arguments, the state treated robbery as a strict liability offense. Id., citing Colon I.
 {¶ 9} In State v. Hardges, Summit App. No. 24175, 2008-Ohio-5567, the court rejected an argument, brought pursuant to Colon I, that structural error occurred in connection with defendant's indictment for kidnapping and other offenses. With regard to whether the charge of kidnapping sets forth a mens rea element, the court stated:
 {¶ 10} "The portion of Hardges' indictment charging him with kidnapping reads, in relevant part, as follows:
 {¶ 11} "`[Hardges] did commit the crime of KIDNAPPING in that he did, by force, threat, or deception, remove and/or restrain the liberty of [the victim] for the purpose of facilitating the commission of any felony or flight thereafter, and/or terrorizing, or to inflict serious physical harm on the victim or another, and/or engaging in sexual activity[.]' (Emphasis added.)
 {¶ 12} "The wording of Hardges' indictment tracks the kidnapping statute's language, which defines kidnapping as the removal and/or restraint of a victim for a certain purpose. See R.C. 2905.01. Both the language in the statute and Hardges' indictment clearly specify that the crime of kidnapping requires an offender to have acted with purpose. SeeState v. Hartman (2001), 93 Ohio St.3d 274, 289-90, 2001-Ohio-1580, *Page 6 754 N.E.2d 1150. As such, Hardges' indictment did not contain any error with regard to his kidnapping charge because it apprised Hardges that the mens rea of `purposely' applied to that charge."
 {¶ 13} Accord State v. Carver, Montgomery App. No. 21328,2008-Ohio-4631.
 {¶ 14} Likewise, in this matter, the portion of the indictment which charged defendant with kidnapping in accordance with R.C. 2905.01, and stated:
 {¶ 15} "* * * Defendant(s) unlawfully and by force, threat, or deception, removed Felisha Saldana from the place where she was found or restrained of her liberty for the purpose of facilitating the commission of any felony or flight thereafter, and/or terrorizing, or to inflict serious physical harm on Felisha Saldana."
 {¶ 16} The language in R.C. 2905.01 and defendant's indictment clearly specify that the crime of kidnapping requires an offender to have acted with purpose. We find no failure to specify the mens rea element. This claim is without merit.
 {¶ 17} Defendant also asserts that his trial counsel was ineffective for failing to challenge the indictment under Colon I. As we have rejected the underlying claim of error, we find the claim of ineffective assistance to lack merit. State v. Henderson (1988), 39 Ohio St.3d 24,33, 528 N.E.2d 1237, citing Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.
 {¶ 18} The first assignment of error is overruled.
 {¶ 19} For his second assignment of error, defendant asserts that the trial court erred in instructing the jury on the lesser included offenses of aggravated assault, abduction and unlawful restraint. *Page 7 
 {¶ 20} In State v. Carter (1985), 23 Ohio App.3d 27, 491 N.E.2d 709, paragraph two of the syllabus, the court held that "it is error for the trial court to instruct the jury that their method of deliberation is to consider the charge of felonious assault first and to consider the charge of aggravated assault only if they find the defendant not guilty of felonious assault." The court must not instruct the jury to first acquit the defendant of felonious assault before considering the inferior offense of aggravated assault. State v. Baker (June 16, 1989), Trumbull App. No. 3971. Accord State v. Thomas (1998),40 Ohio St.3d 213, 533 N.E.2d 286. In Thomas, the Supreme Court of Ohio held that "[t]he jury is not required to determine unanimously that the defendant is not guilty of the crime charged before it may consider a lesser included offense." Id. at paragraph three of the syllabus. However, even though the Supreme Court rejected the "acquittal first" instruction approved by the court of appeals, the Supreme Court nonetheless upheld the jury instructions given in Thomas which were as follows:
 {¶ 21} "If you find that The State has proven beyond a reasonable doubt all of the essential elements of the crime of aggravated murder, then your verdict must be that the Defendant is guilty of aggravated murder; and you will not consider the lesser offense.
 {¶ 22} "However, if you find that The State has failed to prove beyond a reasonable doubt the element of prior calculation and design, then your verdict must be that the Defendant is not guilty of aggravated murder.
 {¶ 23} "You will then proceed with your deliberations and decide whether The *Page 8 
State has proven beyond a reasonable doubt all of the essential elements of the lesser crime of murder." Id. at 219.
 {¶ 24} The Supreme Court concluded that the jury instructions were not "acquittal first" instructions; the court stated:
 {¶ 25} "This instruction does not expressly require unanimous acquittal on the charged crime, but rather addresses possible disagreement by the jury on the element of prior calculation and design and a corresponding inability to reach a verdict of guilty of aggravated murder * * *. In our opinion, this instruction has negligible coercive potential because it speaks to the jury's inability to find, whether unanimously or not, a certain element of the greater offense. We are not persuaded that the trial court's instruction unduly prejudiced the appellee, and thus we affirm his conviction of aggravated murder * * *." Id. at 220.
 {¶ 26} Likewise, in this matter, the trial court instructed the jury that they were to acquit if they could not find that the state proved the primary offenses beyond a reasonable doubt. They were further instructed that the lesser offenses were to be considered if the jury could not agree or if the jury acquitted of the primary charges. The instructions clearly required consideration of the lesser offenses in the event of the jury's inability to find, whether unanimously or not, a certain element of the greater offense. We find no prejudicial error. Accord State v. Carson, Franklin App. No. 05AP-13, 2006-Ohio-2440.
 {¶ 27} Defendant further complains that the trial court failed to inform the jury that assault is a misdemeanor, for purposes of determining guilt or innocence of the *Page 9 
offense of kidnapping, and this failure, coupled with defendant's acquittal of felonious assault, constitutes prejudicial error. "[A]n inconsistency in a verdict cannot arise out of inconsistent responses to different counts." State v. Washington (1998), 126 Ohio App.3d 264, 276,710 N.E.2d 307, citing State v. Brown (1984), 12 Ohio St.3d 147,465 N.E.2d 889. The acquittal of felonious assault does not undermine the conviction for kidnapping, and in any event, a separate felony conviction is not required to establish the offense of kidnapping. R.C. 2905.01.
 {¶ 28} The second assignment of error is overruled.
 {¶ 29} For his third assignment of error, defendant asserts that his conviction for kidnapping is not supported by sufficient evidence.
 {¶ 30} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. State v. Thompkins, 78 Ohio St.3d 380,390, 1997-Ohio-52, 678 N.E.2d 541. On review for sufficiency, courts are to assess not whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 31} The essential elements of kidnapping are set forth in R.C. 2905.01 as follows:
 {¶ 32} "(A) No person, by force, threat, or deception, * * * shall remove another *Page 10 
from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
 {¶ 33} "* * *.
 {¶ 34} "(3) To terrorize, or to inflict serious physical harm on the victim or another * * *."
 {¶ 35} In this matter, the state presented compelling evidence that defendant restrained Saldana of her liberty to terrorize her and to inflict serious physical harm.
 {¶ 36} "Serious physical harm" is defined in R.C. 2901.01(A)(5) as any of the following:
 {¶ 37} "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 {¶ 38} "(b) Any physical harm that carries a substantial risk of death;
 {¶ 39} "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 {¶ 40} "(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
 {¶ 41} "(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
 {¶ 42} In this matter, the state's evidence demonstrated that defendant restrained Saldana of her liberty, spoke of killing her and struck her in the face and fractured her nose. She sustained disfigurement of her nose, even as of trial and *Page 11 
believed the deformity was permanent. This evidence is sufficient to support defendant's conviction for kidnapping.
 {¶ 43} The third assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and JAMES J. SWEENEY, J., CONCUR *Page 1