[Cite as *State v. Lowe*, 2013-Ohio-3913.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99176

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTHONY LOWE

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-565293

**BEFORE:** Boyle, P.J., Rocco, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 12, 2013

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Suite 940
The Leader Building
526 Superior Avenue
Cleveland, Ohio   44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Edward Fadel
         Daniel T. Van
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


**ALSO LISTED**

Anthony Lowe
Inmate No. 632-723
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, Ohio   43950

MARY J. BOYLE, P.J.:

{¶1} Appellant, Anthony Lowe, appeals his conviction for kidnapping. Through counsel, he argues that the kidnapping conviction cannot stand where he was found not guilty of felonious assault and that the conviction is not supported by sufficient evidence and is against the manifest weight of the evidence. In addition, appellant individually argues that he was denied appropriate jail-time credit and was deprived of effective assistance of counsel. Finding no merit to his appeal, we affirm.

## Procedural and Factual Background

{¶2} On August 9, 2012, appellant was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(2) and one count of kidnapping in violation of R.C. 2905.01(A)(2). A jury trial commenced on October 9, 2012. At trial, Mahmoud Shouman and Brittany Sherrod testified to substantially the same events. In the early morning hours of July 26, 2012, after stopping for coffee, Brittany was on her way back to her house on Governor Avenue with her boyfriend, Mahmoud. They intended to go back to Brittany's house and watch a movie. After the two pulled into the drive and exited the car, a green Ford Crown Victoria pulled in behind Mahmoud's vehicle. It was approximately 2:30 a.m., and the car was playing loud music with the windows down. Brittany testified that she approached the car and recognized appellant as the driver. She asked him to leave. The two had a prior relationship that included sexual activity, but Brittany classified appellant as an "associate." The two got into an argument, and

appellant hit Brittany hard in the legs with his car door. He then exited the vehicle with a beer bottle in his hand. Brittany testified that appellant was obviously intoxicated and incoherent. She continued to tell him to leave. He then knocked a coffee cup out of her hand, spilling hot coffee on her, and then punched her in the head. Mahmoud attempted to intervene but was prevented because appellant's car with its open door blocked the driveway opening between the two houses. Brittany was reeling against the inside of the open car door after being punched. She testified that appellant then broke the beer bottle and, while holding the jagged broken bottle in his hand, pointed it at Mahmoud and said he would cut Mahmoud.

{¶3} Brittany testified appellant then focused on her and swung the broken bottle at her. She grabbed at his hand and sustained a cut to her own hand between her thumb and index finger. She managed to grab his hand and cause him to fall backward into the car, cutting himself with the bottle. He then grabbed Brittany by the shirt, pulled her toward the car, and put the still-running car in reverse. He quickly backed the vehicle out of the driveway and down the street while still holding Brittany by her shirt. She was caught in between the door and the passenger compartment. The door struck her legs, and she tried to hang onto the roof of the car and place her feet on the sill of the doorway. Appellant backed down the road the length of approximately two houses, then put the car in drive and "floored it." Brittany could not break free because appellant was gripping her shirt. She managed to hang onto the roof for approximately the length of

three houses before her shirt ripped and she tumbled onto the brick street. Shortly after the incident, Brittany called 911, and Cleveland police officers timely responded.

{¶4} Brittany testified that she sustained serious injuries as a result of the incident. She hit her head on the street and blacked out. She also had several bruises and scrapes on her legs, back, and arms, and a laceration on her hand. She sought medical treatment and was prescribed pain medication and advised to follow-up if she experienced dizziness or other signs of a concussion.

{¶5} Appellant also called 911 and reported that he had been stabbed. EMS responded to his house on Elsienna Avenue, but he was uncooperative. Police were then dispatched to assist EMS. On arriving, Cleveland police officer John Halkiadakis noticed a green Ford Crown Victoria in appellant's driveway. He had received a radio broadcast from Officer James Zak about such a car. Officer Zak had responded to Brittany's 911 call and put out a description of the suspect involved in Brittany's assault. This included a physical description of appellant and the description of the green car. Officer Halkiadakis assisted the EMS personnel in transporting appellant to the hospital and radioed Officer Zak to report to the hospital to speak to appellant.

{¶6} Officer Zak testified that he attempted to talk to appellant, but he was combative and had to be restrained. Appellant was incoherent, spit on a nurse, and assaulted a security guard. Appellant was restrained by police and did not relay how he came to be stabbed. After Officer Zak confirmed the identity of appellant as Brittany's assailant, appellant was arrested.

**{¶7}** After these police officers testified, as well as investigating detective Sean Richardson, and the state rested, appellant called one witness to testify about the severity of his injuries — one large, circular cut to his side and one slice on his forearm. Appellant then rested and requested that the charges be dismissed on his Crim.R. 29 motion. On October 12, 2012, the jury found appellant not guilty of felonious assault but guilty of kidnapping. The trial court then set sentencing for October 18, 2012.

**{¶8}** Appellant was sentenced to a prison term of four years for kidnapping. The court stated that credit for time served in jail awaiting trial would only apply to the community control violation sentence in Cuyahoga C.P. No. CR-539425 (Dec. 13, 2010). Fines and costs were waived, and appellant perfected a timely appeal.

**{¶9}** Appellate counsel filed a brief asserting three errors, and this court granted leave for appellant to separately file a pro se appellate brief, wherein he asserts four errors:

> I. The state failed to present sufficient evidence to sustain a conviction against appellant.

> II. Appellant's conviction is against the manifest weight of the evidence.

> III. The verdict finding appellant guilty of kidnapping was contrary to law because it was inconsistent with the jury's finding that appellant was not guilty of felonious assault.

> Supplemental Assignment of Error I. The appellant was denied due process of law as guaranteed by the 5th and 4th amendments of the United States Constitution when the jury found him guilty of kidnapping where there was insufficient evidence to prove each element of the offense charged, beyond a reasonable doubt, contrary to *State v. Jenks* and *Jackson v. Virginia*.

Supplemental Assignment of Error II. The trial court erred and abused its discretion in denying the appellant's Ohio Criminal Rule 29 motion for acquittal, thereby denying the appellant due process of law as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

Supplemental Assignment of Error III. The trial court erred and abused its discretion in denying appellant jail-time credit for this case, thereby violating the equal protection clause of the Fourteenth Amendment of the United States Constitution and in violation of *State v. Fugate* and *State v. Bailey*.

Supplemental Assignment of Error IV. The appellant was denied the effective assistance of trial counsel when he failed to present any argument to support a motion for acquittal, thereby denying the appellant his Sixth Amendment right to effective assistance of counsel under the United States Constitution and contrary to *Strickland v. Washington.*

**Sufficiency and Manifest Weight**

{¶10} In appellant's first and second assignments of error and first and second supplemental assignments of error, he claims that his conviction for kidnapping is not supported by sufficient evidence and is against the manifest weight of the evidence.

{¶11} When an appellate court reviews a record on a sufficiency challenge, "'the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. This same standard applies to review

of a decision regarding a Crim.R. 29 motion for acquittal. *State v. Hill*, 8th Dist. Cuyahoga No. 99186, 2013-Ohio-3245, ¶ 18.

{¶12} A manifest weight challenge, however, questions whether the state met its burden of persuasion at trial. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12. This court

> weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Thompkins*, 78 Ohio St.3d 380, 388, 678 N.E.2d 541 (1997). A conviction should be reversed as against the manifest weight of the evidence only in the most "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶13} The kidnapping offense of which appellant was found guilty is defined in R.C. 2905.01(A)(2) as follows: "No person, by force, threat, or deception, * * * shall remove another from the place where the other person is found or restrain the liberty of the other person * * * [t]o facilitate the commission of any felony or flight thereafter[.]"

{¶14} Brittany testified that appellant grabbed hold of her shirt and forced her to cling to a moving vehicle after assaulting her with a broken bottle. Appellant continued this conduct, not for mere feet, but, as Brittany testified, appellant drove backwards the length of two houses and then forward the length of three houses until her shirt finally ripped and she fell from the car, which was traveling at a high rate of speed. Mahmoud also testified to these events.

**{¶15}** This evidence is sufficient to demonstrate that appellant used force to remove or restrain Brittany after committing a felonious assault involving the use of a deadly weapon in violation of R.C. 2903.11(A)(2) as charged by the state and fleeing immediately thereafter. This satisfies the elements of R.C. 2905.01(A)(2). The kidnapping statute only requires that the restraint occur *to facilitate* a felony or flight thereafter. It does not require there be a conviction of another felony. "The acquittal of felonious assault does not undermine the conviction for kidnapping, and in any event, a separate felony conviction is not required to establish the offense of kidnapping." *State v. Hodges*, 8th Dist. Cuyahoga No. 91078, 2009-Ohio-1071, ¶ 27, citing R.C. 2905.01. Appellant's argument that there can be no kidnapping conviction without a felonious assault conviction is contrary to the statute and case law. Therefore, appellant's conviction for kidnapping is supported by sufficient evidence.

**{¶16}** Appellant's conviction is also not against the manifest weight of the evidence. Brittany's testimony was credible as it was corroborated by Mahmoud, and was uncontradicted by other evidence introduced at trial. Appellant argues that he was the one who was stabbed by Brittany, but that theory was barely alluded to at trial. It was not made clear until appellant's statements to the trial court at sentencing and was not borne out by the evidence at trial. Brittany testified that appellant was stabbed in the struggle over the broken bottle as he fell backwards into the car. This is not inconsistent with his wound. Further, there is substantial evidence that Brittany was dragged alongside a speeding car by appellant — the act that constituted kidnapping.

{¶17} The crux of appellant's argument is that there can be no kidnapping conviction without some other felony conviction. As stated above, "[t]he acquittal of felonious assault does not undermine the conviction for kidnapping, and in any event, a separate felony conviction is not required to establish the offense of kidnapping." *Hodges* at ¶ 27, citing R.C. 2905.01. The jury finding appellant not guilty of felonious assault does not mean appellant's kidnapping conviction is against the manifest weight of the evidence.

## Inconsistent Verdicts

{¶18} In appellant's third assignment of error, he argues that the verdicts are inconsistent, and his conviction for kidnapping cannot stand in light of the jury finding him not guilty of felonious assault.

{¶19} "[I]n criminal cases, consistency between verdicts on several counts of an indictment is unnecessary where the defendant is convicted on one or some counts, and acquitted on others, and the conviction will generally be upheld, irrespective of its rational incompatibility with the acquittal." *State v. Sailor*, 8th Dist. Cuyahoga No. 83552, 2004-Ohio-5207, ¶ 88, citing *State v. Woodson*, 24 Ohio App.3d 143, 493 N.E.2d 1018 (10th Dist.1985).

{¶20} Addressing the same claim regarding a not guilty verdict of rape but guilty of kidnapping, the Ninth District indicated that the kidnapping statute "'punishes certain removal or restraint done with a certain purpose and the eventual success or failure of the goal is irrelevant.' Accordingly, a finding of not guilty on the rape charge 'is not in any

sense a finding that there was no intent or purpose to commit those crimes at the time of the abduction.'" (Citations omitted.) *State v. Smith*, 9th Dist. Summit Nos. 23468 and 23464, 2007-Ohio-5524, ¶ 41, quoting *State v. Matthieu*, 3d Dist. Mercer Nos. 10-02-04 and 10-02-05, 2003-Ohio-3430, ¶ 17.

{¶21} The present case presents an even stronger argument for upholding appellant's conviction. Here, the jury found the evidence insufficient for a conviction of felonious assault involving the use of a broken bottle as a deadly weapon, but the ultimate success of the state meeting all the elements sufficient to convince the jury that appellant committed a felonious assault has no bearing on his culpability for kidnapping. The jury found that the restraint of Brittany by force as appellant drove down the road with her clinging to the car constituted kidnapping. The not guilty finding on the count of felonious assault does not impact appellant's legal culpability for kidnapping because "the individual counts of an indictment containing more than one count are not interdependent, and an inconsistency in a verdict does not arise out of inconsistent responses to different counts but only arises out of inconsistent responses to the same count." *Hill*, 8th Dist. Cuyahoga No. 99186, 2013-Ohio-3245, at ¶ 26, citing *State v. Lovejoy*, 79 Ohio St.3d 440, 683 N.E.2d 1112 (1997), paragraph one of the syllabus. *See also Hodges*, 8th Dist. Cuyahoga No. 91078, 2009-Ohio-1071, ¶ 27 ("a separate felony conviction is not required to establish the offense of kidnapping"). Therefore, appellant's third assignment of error is overruled.

## Jail-Time Credit

{¶22} In his third supplemental assignment of error, appellant argues that the trial court erred in not applying jail-time credit toward the sentence imposed for kidnapping. Appellant did not object to the allocation of credit at the time of sentencing or file a motion for jail-time credit and has therefore waived all but plain error. *State v. Harris*, 7th Dist. Mahoning No. 11 MA 184, 2012-Ohio-5612, ¶ 26. "'Plain error does exist where the trial court fails to properly calculate an offender's jail-time credit, pursuant to R.C. 2967.191, and to include the amount of jail-time credit in the body of the offender's sentencing judgment.'" *Id*., quoting *State v. McClellan*, 7th Dist. Mahoning No. 10 MA 181, 2011-Ohio-4557, ¶ 39, citing *State v. Miller*, 8th Dist. Cuyahoga Nos. 84540 and 84916, 2005-Ohio-1300, ¶ 10.

{¶23} "'The Equal Protection Clause requires that *all* time spent in any jail prior to trial and commitment by [a prisoner who is] unable to make bail because of indigency must be credited to his sentence.'" (Emphasis sic.) *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 7, quoting *Workman v. Cardwell*, 338 F.Supp. 893, 901 (N.D.Ohio, 1972), *vacated in part on other grounds*, 471 F.2d 909 (C.A.6, 1972).

{¶24} R.C. 2967.191, instructs that the stated prison term shall be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *."

**{¶25}** Ohio Administrative Code provisions indicate when and how jail-time credit should be applied. Ohio Adm.Code 5120-2-04(F) provides that

> [i]f an offender is serving two or more sentences, stated prison terms or combination thereof concurrently, the department shall independently reduce each sentence or stated prison term for the number of days confined for that offense. Release of the offender shall be based upon the longest definite, minimum and/or maximum sentence or stated prison term after reduction for jail time credit.

*See also Fugate* at ¶ 9. Ohio Adm.Code 5120-2-04(G) has a different rule for prison sentences that are served consecutively to one another. In such cases, the code instructs that jail-time credit be applied only once, to the total term. *See Fugate* at ¶ 9.

> [I]n order to satisfy this objective, when concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit. R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held. If courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be, as in this case, to deny credit for time that an offender was confined while being held on pending charges. So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit.

*Fugate* at ¶ 12.

**{¶26}** The state points to the Tenth District's decision in *State v. Speakman*, 10th Dist. Franklin Nos. 08AP-456, 08AP-457, and 08AP-458, 2009-Ohio-1184, as being more analogous to the present situation than *Fugate*. In *Speakman*, the defendant agreed to plead guilty to several counts, which included a negotiated sentence of jail-time credit for the community control violation only. *Id.* at ¶ 14. The court went on to note that the community control violation sanction was a jail term imposed and served before the

sentence for the other counts. The court reasoned, the sentences were not imposed concurrently to each other, but the community control jail term had ended by the time the other sentences were imposed.

{¶27} This court has recently sanctioned this procedure where the community control violation sentence was imposed prior to the sentencing hearing on the other convictions, and jail-time credit was allocated solely to the community control violation. *State v. Maddox*, 8th Dist. Cuyahoga No. 99120, 2013-Ohio-3140. This court held,

> [t]he trial court did not sentence Maddox to concurrent prison terms for the probation violations and the new charges. Here, Maddox stipulated to probation violations in several cases. In exchange for Maddox's stipulation, the trial court terminated Maddox's probation and stated that all jail-time credit would be applied to the probation violations. So rather than sentence Maddox to additional time for his probation violations, the trial court essentially sentenced Maddox to time served for those violations (i.e., the amount of time he spent in jail once he was arrested on the new charges, simultaneously violating his probation in several cases). Thus, the cases involving Maddox's probation violations were terminated before Maddox was sentenced on the new charges.

*Id.* at ¶ 49. The same procedure was used in the present case.

**{¶28}** Further, this case is distinguishable from *Fugate* for another reason. Appellant was found to have violated conditions of community control by his use of alcohol. The trial court admonished appellant:

> We have all the testimony from everybody at the scene, along with the police officers at the hospital, * * * you were acting like a lunatic because you were so completely intoxicated[.] * * * I don't call that doing everything you can to abide by the terms and conditions of probation or parole.
>
> * * *
>
> The one — the first thing I told you when I sentenced you and placed you on probation, on December 13, 2010, is that you have an alcohol and drug problem. That you will abstain from its use, * * *. You violated those terms and conditions.

**{¶29}** In the present case, the trial court specifically found that appellant violated the conditions of community control because of his alcohol use. This constitutes a separate and distinct matter from the kidnapping of Brittany for purposes of R.C. 2967.191, which

> requires that jail credit be given only for the time the prisoner was confined for any reason *arising out of the offense* for which he was convicted and sentenced. It does not entitle a defendant to jail-time credit for any period of incarceration which arose from facts which are separate and apart from those on which his current sentence is based.

(Emphasis added.) *State v. Smith*, 71 Ohio App.3d 302, 304, 593 N.E.2d 402 (10th Dist.1992), citing *State v. Dawn*, 45 Ohio App.2d 43, 340 N.E.2d 421 (1st Dist.1975).

**{¶30}** Here, appellant was detained on charges unrelated to his use of alcohol, which constituted a violation of conditions of community control. Therefore, the trial court could allocate jail-time credit solely to the community control violation when it

sentenced appellant to time served in that case. Appellant's supplemental third assignment of error is therefore overruled.

## Ineffective Assistance of Counsel

{¶31} Finally, appellant argues in his fourth supplemental assignment of error that trial counsel was ineffective when he failed to make arguments supporting appellant's Crim.R. 29 motions for acquittal, made at the close of the state's case and again at the close of trial.

{¶32} To demonstrate ineffective assistance of counsel, defendants must satisfy both parts of a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defendants must first show that their trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment to the United States Constitution. *Id.* Second, defendants must establish that counsel's "deficient performance prejudiced the defense." *Id.* The failure to prove either prong of the *Strickland* test is fatal to a claim of ineffective assistance. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000), citing *Strickland*, *supra*.

{¶33} The evidence, as examined above, clearly demonstrates that the state met its burden of production on every element of the offense of kidnapping. Therefore, the most brilliantly composed argument for acquittal would not have changed the outcome. Further, trial counsel did provide arguments for his renewed motion for acquittal after resting his case. The trial court, however, cut him off and overruled the motion.

Therefore, trial counsel was not constitutionally ineffective. Appellant's fourth supplemental assignment of error is overruled.

**{¶34}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN A. GALLAGHER, J., CONCUR